CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 28, 2024
LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **MELVIN DINKINS,** | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-62 |
| | ) | |
| v. | ) | |
| | ) | |
| **CATHERINE C. EAGLES, et al.,** | ) | By:  Robert S. Ballou |
| Defendants. | ) | United States District Judge |

## MEMORANDUM OPINION

Pro se plaintiff Melvin Dinkins has filed numerous frivolous complaints against Defendant Region Ten CSB, along with various federal judicial officers of the United States, prompting this Court to issue a pre-filing injunction (the "pre-filing injunction order") prohibiting him from filing a lawsuit in any federal court: (1) against Region Ten CSB; (2) arising out of the same allegations of any of his previous complaints; or (3) "against any judicial officer, executive agency or official, lawyer, or witness based on their action or inaction in any of his previous cases." *See* Case No. 3:22-cv-73; Dkt. 22, p. 13. The pre-filing injunction order provides that Dinkins may seek leave of court to file a new lawsuit by filing a motion in the previous case, No. 3:22-cv-73, demonstrating that the proposed filing (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of issue or claim preclusion; (3) is not repetitive or violative of a court order; (4) does not sue an immune defendant; and (5) complies with Federal Rule of Civil Procedure 11. The pre-filing injunction directs the Clerk of Court to strike any pleadings in violation of the order. *Id.* at p. 18.

Dinkins filed the instant complaint in the Circuit Court for the County of Albemarle, Virginia, and the United States of America properly removed the case to federal court as it names an agency of the United States and officers of the courts of the United States as

defendants. *See* 28 U.S.C. §§ 1442(a)(1), (3).  The complaint violates the prefiling injunction order on several grounds, as it lists as defendants two federal judges (including the Honorable Catherine C. Eagles who issued the pre-filing injunction order), the Department of Justice, and Region Ten CSB, and it appears to raise the same allegations as his many previous filings relating to alleged government benefit fraud, false claims, and personal injuries. Dkt. 1-1. Dinkins filed the complaint in state court, rather than federal court; however, the case has now properly been removed to federal court. Accordingly, I find that the complaint violates the pre-filing injunction order and should be stricken.

      Additionally, construing the complaint as a motion for leave to file consistent with the terms of the pre-filing injunction, it does not meet the required factors set forth in the pre-filing injunction order. Specifically, the complaint is repetitive and violative of a court order, it sues immune defendants, and it cannot survive a challenge under Federal Rule of Civil Procedure 12.

      Dinkins' complaint attempts to sue two federal judges who are protected by judicial immunity in their official and individual capacities. *See Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (per curiam). The matters raised in the complaint are almost identical to the issues asserted in the eight prior complaints that have been dismissed by this court. *See* Case No. 3:22-cv-73, Dkt. 22 (describing Dinkins' prior filings in detail). Dinkins seeks relief for "personal injuries" resulting from "Organized Interstate Fraud and Malfeasance," (Dkt. 1-1, p. 1), and appears to contest billing statements and account transactions but provides no facts or other information from which the court can make sense of the allegations. The complaint makes vague and obscure references to things like "Federal finance violations," "false billing," and "discrepancies," is generally incomprehensible and does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Ashcroft v. Iqbal*, 556 US.

662, 678 (2009) (cleaned up).  For these same reasons, Dinkins' claims are legally frivolous and should be dismissed *sua sponte* for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and the pre-filing injunction order entered in Case. No. 3:22-cv-73, and this matter is **STRICKEN** from the docket of this court. An appropriate Order accompanies this Memorandum Opinion.

Entered:  August 28, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

3